IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTINE AARON HUMPHREY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:03-CR-324 TS |

This matter is before the Court on Defendant's Motion for Early Termination of Supervised Release.  Because Defendant is proceeding pro se, the Courts review his filing liberally.[1]

I.  BACKGROUND

On August 7, 2003, Defendant pleaded guilty to Possession of a Firearm and Ammunition by a Convicted Felon.  On November 3, 2003, Defendant was sentenced to 30 months custody, followed by 36 months supervised release.  Judgment was entered on

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

November 4, 2003. Defendant was released from the custody of the Bureau of Prisons in March 2007, and began his 36-month term of supervised release.

## II. DISCUSSION

If a defendant has completed at least one year of supervised release, 18 U.S.C. § 3583(e) permits the Court to terminate a term of supervised release prior to completion of the entire term if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.[2] In making this determination, the Court must consider many of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[3]

The government was notified of the Motion, has had a reasonable opportunity to object, and has not filed an objection. Accordingly, no hearing is required.[4]

The Court has reviewed the docket and case file, has consulted with Defendant's supervising probation officer, and reviewed Defendant's supervision history. The Court finds as follows: it is not yet established that Defendant has fully complied with all of the and conditions of his supervised release and directives of the probation office because he has a recent pending charge that has not been resolved.

Based on these findings and on consideration of the applicable § 3553(a) factors,

---

[2] 18 U.S.C. § 3583(e).

[3] *Id*. at § 3583(e) (directing that the court consider factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

[4] Fed. R. Crim. P. 32.1(c) (hearing required to modify conditions of supervised release unless the relief sought is favorable to defendant, does not extend the term of his supervised release and "an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so").

the Court finds that early termination of Defendant's term of supervised release is neither warranted by the conduct of the offender nor in the interest of justice at this time.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 26) is DENIED.

DATED this 20th day of January 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge